# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS G. VAIL,<br><br>                Plaintiff,<br><br>vs.<br><br>WARREN STEPHENS, *et al.*,<br><br>                Defendant. | Case No. 2:11-cv-00588-RLH-CWH<br><br>**ORDER**<br><br>Application to Proceed *In Forma Pauperis* (#1) and Screening of Complaint |

This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#3), filed on July 5, 2011.

## BACKGROUND

Plaintiff alleges that on February 19, 2008, he was arrested at his office and booked in the Clark County Detention Center on eight felony charges related to his activities as the owner of Anthem Financial Group. On February 20, 2008, Plaintiff alleges the Nevada Secretary of State published a press release stating that agents made a securities fraud arrest resulting from Plaintiff's transactions with four Southern Nevada victims. In this press release, the Secretary of State emphasized that "as in all criminal matters, the office maintains that the allegations are merely accusations and individuals are presumed to be innocent until proven guilty in a court of law."

On February 21, 2008, Plaintiff alleges the Las Vegas Review Journal (LVRJ) ran an article entitled "Nevada man charged with securities fraud." This article states that the Nevada Secretary of State reported that it charged a Southern Nevada man with fraud related to the sale of "fake certificates of deposits." The article identified the man as Thomas G. Vail, listed the number of felony counts he was charged with, and stated that he was an unlicensed investment

1  advisor involved in the fraudulent sale of securities.  Plaintiff alleges the LVRJ, by and through
2  its reporter, John Edwards, intentionally or recklessly misrepresented the Secretary of State's
3  press release by using the phrase "fake certificates of deposits." Plaintiff alleges that neither
4  LVRJ's publisher, Sherman Frederick, nor editor, Thomas Mitchell, corrected the
5  misrepresentation.  Further, the LVRJ article does not refer to the presumption of innocence,
6  until proven guilty in a court of law.  Plaintiff contends this omission essentially makes the LVRJ
7  the judge, jury and executioner of Mr. Vail.

8      Plaintiff claims this article was listed under nine different variations of his name in
9  connection with Las Vegas and Henderson, Nevada, so when someone searched his name, there
10 would be no way to escape this reference to him.  Plaintiff alleges the LVRJ article is listed daily
11 under 10 different websites and/or search engines.  As a result, Plaintiff alleges that there were
12 180 publications daily since February 21, 2008.  Plaintiff alleges he should receive $2,500 to
13 $25,000 per day, plus attorney's fees pursuant to the Digital Millennium Copyright Act (DMCA)
14 as codified at 17 U.S.C. §1202.  Plaintiff further alleges that the LVRJ is likely profiting, via
15 advertisements or kickbacks, from running the article so many times over a three year period of
16 time. Plaintiff alleges that his name is being used by the LVRJ and the government for pecuniary
17 benefit and/or to gain securities fraud control.

18     Plaintiff further alleges that John Edwards, the LVRJ reporter, was malicious, negligent
19 and libelous per se because he failed to fairly report the Secretary of State's press release.
20 Plaintiff alleges Edwards referred to the press release, but instead, he chose to incite, inflame,
21 and ignite readers against Plaintiff.  Plaintiff claims that he was specifically mentioned by name,
22 business and work address, with no qualifiers for innocence nor a chance to defend himself or
23 make comments.  Plaintiff confronted the LVRJ legal department on June 1, 2010.  Plaintiff
24 alleges the LVRJ immediately dropped the date stamp from the article, and two weeks later they
25 back dated the article in an effort to manipulate the statute of limitations period, which is three
26 years under the DMCA.  Plaintiff claims that he is a private individual, and not public figure, as
27 . . .
28  the LVRJ legal department alleges.  Plaintiff alleges that as a result of this article, he has become

the "fraud poster boy of Nevada."

Plaintiff specifically identifies commission losses on $1.4 million and $3.5 million contracts, costing Plaintiff roughly $5 million, along with additional losses from his other minor accounts. Further Plaintiff alleges tangible and intangible losses including a revengeful girlfriend who has spread the article over the internet; loss of reputation and resulting monetary losses; loss of his home, cars, and other personal items and properties; and the wavering between love and sacrifice of conjugal relations resulting from the embarrassment and drastic lifestyle changes after the article was published. In particular, Plaintiff alleges his income before the article was $400,000.00, and now his income is next to nothing, with no possibility of returning to the financial field.

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Vail's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

incredible, whether or not there are judicially noticeable facts available to contradict them."
*Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under §
1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing
its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be
cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### A.     Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Plaintiff alleges federal question jurisdiction under the Digital Millennium Copyright Act (DMCA), codified at various sections of the United States Code. However, because the Court finds Plaintiff failed to properly bring a claim under the DMCA (see discussion below), federal question jurisdiction does not exist at this time.

### B.     Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff asserts damages in excess of $222,000,000.00 in his complaint. Further, Plaintiff states that he is a citizen of the state of Nevada, and Defendant is an Arkansas Corporation. However, Plaintiff names several Defendants in this action, but only provides the citizenship of one. The diversity jurisdiction statute requires that to bring a diversity case in federal court against multiple defendants, each

plaintiff must be diverse from each defendant. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). Because it is not clear that there is complete diversity in this matter, Plaintiff has failed to demonstrated subject matter jurisdiction based on diversity.

### C.  Digital Millennium Copyright Act

Plaintiff summarily states that he brings this action under the DMCA, but fails to clearly identify which section of the DMCA he alleges Defendants violated. Because the Plaintiff references § 1202 of the DMCA when calculating his damages, for the purposes of screening, the Court will assume that Plaintiff is alleging a violation of 17 U.S.C. § 1202. Section 1202 prohibits knowingly providing or distributing false copyright management information ("CMI") with "the intent to induce, enable, facilitate, or conceal infringement." 17 U.S.C. § 1202(a). The DMCA defines CMI as "any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form:"

> (1) The title and other information identifying the work, including the information set forth on a notice of copyright.
> (2) The name of, and other identifying information about, the author of a work.
> (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright.

17 U.S.C. §1202(c).

The Plaintiff fails to allege facts sufficient to bring a claim under §1202 of the DMCA. Plaintiff does not allege that any of the Defendants provided or distributed false copyright management information with the intent to induce, enable, facilitate or conceal infringement. Plaintiff further failed to allege what, if any, copyright management information is involved in this matter. Alleging the publication of a false article on a website is not sufficient to bring a claim under § 1202 of the DCMA. It appears the Plaintiff only alleges a defamation claim against Defendants, not a claim under the DCMA. Therefore, Plaintiff failed to state a claim upon which relief can be granted under the DCMA.

If Plaintiff intended to bring this case under a different section of the DMCA, Plaintiff must clearly identify that section and allege facts sufficient to bring such action. Further, Plaintiff has plead facts sufficient to support a defamation claim against Defendants. However,

defamation is governed by state law, and Plaintiff has not otherwise established that this Court has subject matter jurisdiction. The Court therefore lacks jurisdiction to hear Plaintiff's defamation claim. If Plaintiff can allege facts sufficient to establish subject matter jurisdiction, either through complete diversity or federal question jurisdiction, the Court can then hear Plaintiff's defamation claim through the exercise of supplemental jurisdiction over pendent state law claims. *See* 28 U.S.C. § 1367. Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted. The Court will grant Plaintiff leave to amend his Complaint in accordance with the above discussion. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#3) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30)** days from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies. Failure to comply with this Order may result in the recommendation that this action be dismissed.

DATED this 5thday of October, 2011.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge